UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

PAUL REED                                    CIVIL ACTION NO. 6:20-CV-01354

VERSUS                                       JUDGE SUMMERHAYS

UNITED STATES OF AMERICA                     MAGISTRATE JUDGE AYO

**RULING AND ORDER**

Defendant, the United State of America ("Defendant" or "the Government"), has filed a

motion *in limine* seeking an order "excluding evidence regarding amounts billed by medical

providers over and above amounts the medical providers accepted as payment in full from third

party medical funding companies."[1]   Alternatively, the Government seeks a ruling that "evidence

of the involvement of third-party funding companies must be admitted as it is relevant to issues of

causation, bias and credibility."[2]  The Government's motion is DENIED IN PART and GRANTED

IN PART.  The motion is DENIED to the extent it seeks to exclude evidence of the total amounts

paid by the third-party funder, and GRANTED to the extent it seeks admission of evidence of the

involvement of a third-party funding company that is otherwise relevant and properly founded.

## I.    Arguments.

The  Government  asserts  (and  Plaintiff  concedes[3])  that  HMR  Funding,  LLC  ("HMR

Funding")—a  third-party  litigation  funding  company—paid  the  providers  for  certain  medical

services provided to Plaintiff prior to litigation, but negotiated to pay discounted amounts of those

---

[1] Rec. Doc. 30 at 1.

[2] *Id.*

[3] "Plaintiff sustained injuries in the subject accident that necessitated interventional pain management and surgical treatment. The medical providers required advance payment that Mr. Reed could not afford. To move beyond the impasse, an agreement was made between [Plaintiff and certain of his medical providers] for HMR Funding [a third-party litigation funding company] to purchase the medical providers['] accounts receivable at a discount, whereby HMR Funding would bill the plaintiff for the entire amount owed, regardless of whether [P]laintiff prevails on his auto accident claim." Rec. Doc. 39 at 6.

1

charged by the providers.  The Government argues that, under an exception to the collateral source doctrine, Plaintiff should only be allowed to claim as damages the discounted amounts actually paid by HMR Funding, not the amounts charged by providers.  Alternatively, the Government argues that evidence of HMR Funding's involvement is admissible because that involvement is relevant to the providers' bias and credibility.  Specifically, the agreements with HMR Funding allegedly require the providers to represent that the medical services and treatments provided to Plaintiff "related to injuries sustained in the accidents or other occurrences which are the basis of claims or litigation."[4]

Plaintiff argues that, regardless of any discount HMR Funding received, the terms of his agreements with his providers make him liable for the entire amount charged.  Accordingly, Plaintiff contends that his patrimony has been reduced by the entire amount charged, and the collateral source doctrine allows him to claim the entire charged amount for treatment. Additionally, Plaintiff argues that the Government waived its right to offer any evidence to impeach the providers' credibility by not doing so at their trial depositions.

## II.    Applicability Of The Collateral Source Rule

Under Louisiana's collateral source rule, "payments made to or benefits conferred upon an injured party from sources other than the tortfeasor, notwithstanding that such payments or benefits cover all or a part of the harm for which the tortfeasor is liable, are not credited against the tortfeasor's liability."[5]  As the Louisiana Supreme Court has articulated this doctrine, "a tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be reduced, because of monies received by the plaintiff from sources independent of the tortfeasor's procuration or contribution."[6]

---

[4] Rec. Doc. 30-3 at 1.
[5] *Kadlec Med. Ctr. v. Lakeview Anesthesia Assocs.*, 527 F.3d 412, 425 (5th Cir. 2008).
[6] *George v. Progressive Waste Sols. of La, Inc.*, 2022-01068 (La. 12/9/22), 355 So. 3d 583, 589 (quoting *Bozeman v. State of La., DOTD*, 03-1016, p. 9 (La. 7/2/04), 879 So.2d 692, 698).

Generally speaking, this doctrine applies to prevent reduction of a tort plaintiff's recovery if he has incurred some diminution of his patrimony in order to secure the collateral payments, for example, discounted fees for medical services necessitated by the injury for which suit is brought. The collateral source rule is subject to exceptions based on the way in which the reduction in fees was obtained.  It does not apply, for example, if the discount was obtained through Medicaid,[7] or when the discount was negotiated with the provider by the plaintiff's attorney.[8]

Courts considering issues similar to the instant dispute have determined, however, that the collateral source rule does apply in situations like the one presently before the Court.  The most persuasive of these decisions is that of the Louisiana Supreme Court in *George v. Progressive Waste Sols. of La, Inc.*[9]  There, the plaintiff's medical provider assigned its right to recover the charges billed to the plaintiff to a third-party litigation funding organization in exchange for a payment totaling fifty percent of the total charges billed.  The plaintiff's attorney later executed a guaranty in favor of the litigation funder for the total amount the provider charged to the plaintiff.[10] Neither agreement released the plaintiff from responsibility for the entire amount charged by the provider.  The Louisiana Supreme Court held that "[i]n the absence of any evidence that plaintiff is not liable for the full billed medical charges in this matter, defendant cannot benefit from any reduction as a result" of an agreement between a plaintiff's medical provider and a third-party litigation funding organization.[11]

*Ochoa v. Aldrete*[12] also involved HMR Funding paying a discounted rate for medical services provided to a plaintiff.  There, the Louisiana Fifth Circuit held that the plaintiff was

---

[7] *Bozeman* 879 So. 2d at 705.
[8] *Hoffman v. 21st Century N. Am. Ins. Co.*, 2014-2279 (La. 10/2/15), 209 So. 3d 702, 707.
[9] 2022-01068 (La. 12/9/22), 355 So. 3d 583.
[10] *Id.* at 586.
[11] *George*, 355 So. 3d at 590.
[12] 21-632 (La. App. 5 Cir. 12/8/21), 335 So. 3d 957.

3

allowed to offer evidence of the entire amounts charged by the providers because the defendants failed to prove he was not liable for the total amounts under the relevant agreements.[13]  Because the plaintiff remained responsible for the total amounts, he "[had] not actually received a benefit from the discount negotiated between the third-party funding company and the healthcare providers."[14]

Other federal district courts in Louisiana have reached the same conclusion.  In *Robert v. Maurice*,[15] for example, which involved facts and arguments substantially similar to those here, the Eastern District of Louisiana concluded that "[i]f Defendants seek to limit the amount of Plaintiff's recovery, they will have to prove that Plaintiff is not liable for the full amount of the medical bills."[16]  The Middle District of Louisiana followed similar reasoning and came to the same conclusion in *Whitley v. Pinnacle Ent., Inc. of Delaware*.[17]

The same result must obtain here.  The Government has offered no evidence that Plaintiff has been released from responsibility for paying the entire, non-discounted amounts charged by his providers, so evidence of that amount is admissible to prove damages.  Plaintiff executed agreements in favor of his medical providers, assigning them his right to recover any amount he receives arising from the subject collision up to the total amounts they have charged him.[18]  Those agreements expressly provide that Plaintiff remains liable to the providers for the total, undiscounted invoice amounts.[19]  The Government points to two purchase agreements executed between Plaintiff's providers and an affiliate of HMR Funding, both of which assign to HMR

---

[13] *Id.* at 967.
[14] *Id.*
[15] No. CV 18-11632, 2020 WL 9074826 (E.D. La. Sept. 30, 2020).
[16] *Robert*, 2020 WL 9074826 at *7.  *See also Thomas v. Chambers*, No. CV 18-4373, 2019 WL 8888169, at *2 (E.D. La. Apr. 26, 2019); *Collins v. Benton*, No. CV 18-7465, 2021 WL 638116, at *4 (E.D. La. Feb. 17, 2021).
[17] No. CV 15-00595-BAJ-RLB, 2017 WL 1051188 (M.D. La. Mar. 20, 2017).
[18] Rec. Docs. 30-2 at 1; 39-1 at 1, 4, 8, 12, 15, 19, 23, 26.
[19] *Id.*

Funding the right to recover the full amount charged to Plaintiff.[20]   Neither party identifies the original agreement between any provider and HMR Funding, which is referred to in the purchase orders.[21]   However, nothing in the record indicates Plaintiff owes less than the full amounts charged by his providers.  In sum, Plaintiff is entitled to offer evidence of those total amounts charged by his providers.

The Government cites *Bowling v. Brown*,[22] and *Williams v. IQS Ins. Risk Retention*,[23] in support of its motion, but each case is distinguishable.  *Bowling* concerned a motion to compel documents from the third-party medical funder, rather than a motion *in limine*.  While the court concluded the documents sought were relevant to whether the collateral source rule applied, it was because certain previously produced documents suggested a relationship between the funder and the plaintiff's counsel, which may have implicated the collateral source exception under *Hoffman*.[24]

In *Williams,* the court drew attention to the central facts that "Plaintiffs themselves were not parties to any of these [funding] agreements, and…no suggestion has been made that Plaintiffs themselves agreed to be responsible to anyone for any medical bills or for the Difference [between the charged and discounted amounts] should their recovery at trial fall short."[25]   The agreements here show the opposite—Plaintiff's assignments to his providers specifically provide that he would remain responsible to pay the full amounts charged by the providers, no matter the outcome of litigation.[26]

---

[20] Rec. Docs. 30-3, 30-4.
[21] *Id.*
[22] No. 20-CV-504, 2021 WL 3666848 (W.D. La. Aug. 18, 2021).
[23] No. CV 18-2472, 2019 WL 937848 (E.D. La. Feb. 26, 2019).
[24] *Bowling*, 2021 WL 3666848 at *3.
[25] *Williams*, 2019 WL 937848 at *3.
[26] *See* note 18, *supra.*

Accordingly, the Government's motion *in limine* is DENIED to the extent it seeks to exclude evidence of the total amounts charged to Plaintiff by his medical providers to prove his damages.

### III.    Admissibility For Impeachment

The Government alternatively argues that, if Plaintiff is permitted to offer evidence of the full charges by his providers, evidence of involvement by third-party medical funders should also be admissible as relevant to issues of bias and credibility.[27]  Plaintiff asserts without authority that the Government has waived its right to offer evidence to impeach his providers because the relevant providers will only testify by deposition.[28]

Under Federal Rule of Evidence 401, evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence," and that fact is "of consequence in determining the action."   Other courts that evidence of third-party funding arrangements is potentially relevant to issues of causation, bias, and/or credibility.[29]  Here, the Government will have to lay the proper foundation showing that this evidence is relevant to causation, bias, and/or credibility.

Accordingly, the Government's motion is GRANTED to the extent the Government will be allowed to offer evidence at trial of the existence of the financial arrangements between Plaintiff's providers and third-party funders, provided they are otherwise admissible and relevant.

---

[27] Rec. Doc. 30-1 at 8.
[28] Rec. Doc. 39 at 7.
[29] *See, e.g., Bowling,* 2021 WL 3666848 at *3; *Robert,* 2020 WL 9074826 at *8; *Thomas,* 2019 WL 8888169 at *4; *Collins,* 2021 WL 638116 at *8; *McClain v. Sysco New Orleans,* No. CV 19-1801, 2020 WL 11028497, at *12 (E.D. La. July 17, 2020).

## IV.    Medicaid

Plaintiff devotes a significant part of his opposition to arguing that the amount that Medicaid might have paid—or would pay in another instance—for Plaintiff's treatments should not be taken to be the reasonable allowable medical damages.[30]  The Government's motion does not, however, request a ruling on this issue.

## V.    Conclusion

Considering the above,

IT IS HEREBY ORDERED the Government's Motion *in Limine* Regarding Third Party Medical Funding [Rec. Doc. 30] is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED to the extent the Government may offer evidence regarding the existence of agreements between Plaintiff's medical providers and third-party funding organizations, if otherwise admissible and relevant.  The motion is DENIED to the extent Plaintiff may offer evidence regarding the total amounts charged for medical treatments for which he remains responsible.

THUS DONE AND SIGNED this 12th day of September, 2023 in Lafayette, LA.


HON. ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[30] Rec. Doc. 39 at 7-13.